**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JINGHANG LI,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | **CASE NO.** 5:26-CV-04121-CTS<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 23, 2026, Petitioner Jinghang Li ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) On July 30, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 6.) On August 7, 2026, Petitioner filed his Traverse. (Trav, ECF No. 8.) For the reasons set forth below, the Court dismisses the Petition without prejudice as moot.

The Petition alleges that Petitioner is a twenty-seven-year-old native and citizen of the People's Republic of China who was admitted to the United States at

Los Angeles, California, as an F-1 nonimmigrant student on or about January 1, 2022. (Pet. ¶¶ 19–20.[1]) Petitioner has resided in the United States for more than four years, and he attended the University of Washington where he received a Bachelor of Arts degree in 2023. (*Id.* at ¶ 21.) On June 27, 2023, Petitioner married a United States citizen. (*Id.* at ¶ 22.) On April 3, 2026, Petitioner's wife filed a Form I-130, Petition for Alien Relative, on his behalf, which remains pending. (*Id.*) Petitioner also has a Form I-485 (application for adjustment of status), Form I-765 (application for employment authorization), and Form I-589 (application for asylum and related relief) pending. (*Id.*) On June 5, 2026, Petitioner voluntarily appeared at a USCIS Application Support Center in Pomona, California, for a scheduled biometrics appointment in connection with his pending applications, where he was taken into ICE custody. (*Id.* at ¶ 24.)

On September 22, 2026, Respondents filed a Notice of Intended Removal indicating that Petitioner had agreed to depart the United States voluntarily and requesting that the Court dismiss the Petition. (ECF No. 11.) On October 14, 2026, the Court ordered Respondents to file a report regarding Petitioner's custody status. (ECF No. 14.) On October 21, 2026, Respondents filed a status report indicating that Petitioner was scheduled to travel to China on November 12, 2026. (ECF No. 15.) The Court therefore ordered Respondents to file another status report no later than November 13, 2026. (ECF No. 16.) On November 16, 2026, Respondents filed their status report, indicating that Petitioner had not been removed to China, but had instead been arrested pursuant to an arrest warrant issued by the Western District of Washington on charges of conspiracy to commit money laundering. (ECF No. 17.) Petitioner is now in the custody of the Federal Bureau of Prisons ("BOP"). (*Id.*)

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "Mootness is jurisdictional." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citing *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000)). If an event occurs while a case is pending that makes it impossible for the court to grant "any effectual relief whatever" in favor of the prevailing party, the case must be dismissed as moot. *See Calderon v. Moore*, 518 U.S. 149, 151 (1996) (*per curiam*) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, the Petition alleged that Petitioner was in the custody of the United States Department of Homeland Security and sought release from that custody. (Pet. ¶ 1; *id.* at 12.) Now, Petitioner is no longer in the custody of the United States Department of Homeland Security. (ECF No. 17.) The Petition does not allege any collateral consequences that could be addressed by the Court now that he is no longer in immigration detention. Based on the allegations in the Petition, there is no further relief this Court can provide. *See Doganyan v. Wamsley*, No. C25-1480-TMC-MLP, 2025 WL 3036968, at *1 (W.D. Wash. Oct. 9, 2025), *report and recommendation adopted*, No. C25-1480-TMC, 2025 WL 3035968 (W.D. Wash. Oct. 30, 2025) (dismissing as moot habeas petition filed by ICE detainee after he was released from ICE custody to the custody of the BOP in relation to a criminal indictment filed in another district).

IT THEREFORE IS ORDERED that the Petition is hereby DISMISSED without prejudice as moot.

DATED: November 19, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE